## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONAY PETTIWAY<br>540 E. Queen Ln.<br>Philadelphia, PA 19144 | : <br> : <br> : <br> : | CIVIL ACTION NO.: |
| Plaintiff | : <br> : | DOCKET NO: |
| v. | : <br> : <br> : | |
| CITY OF PHILADELPHIA,<br>DEPARTMENT OF PARKS AND<br>RECREATION<br>6101 Ardleigh St.<br>Philadelphia, PA 19138 | : <br> : <br> : <br> : <br> : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.       Plaintiff has initiated the instant collective action to redress violations by City of

Philadelphia, Department of Parks and Recreation (*hereinafter* referred to as "Defendant" unless)

Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*) and the

Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's

unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under Title VII.  Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff is proceeding herein under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

2

8.      Defendant is a municipal department in Philadelphia, PA responsible for managing parks, recreation centers, playgrounds, trails, community gardens, and historic properties in Philadelphia, PA.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired to work for Defendant in or about 2013 as a Pool Maintenance Attendant at Awbury Recreation Center in Philadelphia, Pennsylvania (one of the recreation centers that Defendant was responsible for maintaining).

12.     In her role as Pool Maintenance Attendant (discussed *supra*), Plaintiff reported to one Brian Kitchell (male – Supervisor).

13.     Of Mr. Kitchell's approximate ten (10) direct reports, Plaintiff was the only female.

14.     During her employment with Defendant, Plaintiff was treated in a discriminatory and disparate manner because of her gender.

15.     Unlike Plaintiff's male co-workers, Plaintiff was treated in a rude and demeaning manner, belittled, subjected to discriminatory comments related to her gender, and overall treated less favorably than her male co-workers.

16.     On the day of her termination, Plaintiff was informed that an individual from Mr. Kitchell's team was going to be fired.

17.     Mr. Kitchell informed Plaintiff on the day of her termination that the individual who would most likely be fired would her because she can go do "womanly things", such as "working behind a desk" or "answering phones" – implying that Plaintiff should not be working as a Pool Maintenance Attendant because it was not a "womanly" job.

18.     Plaintiff was thereafter (on the same day that Mr. Kitchell made his aforesaid blatant sex-based discriminatory comment) informed by Mr. Kitchell that she was being terminated from her position with Defendant.

19.     Soon after Plaintiff was terminated, she was replaced by a male individual.

20.     Plaintiff believes and therefore avers that she was terminated because of her gender.

## Count IV
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Gender Discrimination)

21.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22.     Plaintiff believes and therefore avers that she was terminated from Defendant because of her gender.

23.     Defendant's actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

(2)     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

(3)    Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(4)    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

(5)    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(6)    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

(7)    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Date: May 10, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Monay Pettiway                               :               CIVIL ACTION
                                             :
                v.                           :
                                             :
City of Philadelphia, Department of Parks and Recreation  :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| 5/10/2018 | | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 540 E. Queen Lane, Philadelphia, PA 19144

Address of Defendant: 6101 Ardleigh Street, Philadelphia, PA 19138

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes□ No☒

Does this case involve multidistrict litigation possibilities?    Yes□ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes□ No□
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes□ No□
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes□ No□
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes□ No□

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. ☒ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. □ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
□ Relief other than monetary damages is sought.

DATE: 5/10/2018 _____    ARK2484
                Attorney-at-Law    Attorney I.D.# 91538
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/10/2018 _____    ARK2484
                Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PETTIWAY, MONAY

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
CITY OF PHILADELPHIA, DEPARTMENT OF PARKS AND RECREATION

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1   U.S. Government Plaintiff | X 3   Federal Question *(U.S. Government Not a Party)* |
| 2   U.S. Government Defendant | 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
X 1 Original Proceeding   | 2 Removed from State Court   | 3 Remanded from Appellate Court   | 4 Reinstated or Reopened   | 5 Transferred from Another District *(specify)*   | 6 Multidistrict Litigation - Transfer   | 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)
Brief description of cause:
Violations of the Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   5/10/2018     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print    Save As...    Reset